IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRYAN T.[1], ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br>    Commissioner, Social Security ) <br>    Administration, ) <br> ) <br>    Defendant. ) | Civil Action No. 7:20-cv-00536 <br><br> By:  Elizabeth K. Dillon <br>        United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bryan T. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his application for disability insurance benefits and supplemental insurance income under the Social Security Act. (Complaint, Dkt. No. 2.)  Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 17, 19), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R).  On December 23, 2021, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision.  (R&R, Dkt. No. 21.)  Plaintiff filed objections on January 6, 2022. (Dkt. No. 22.)  The Commissioner responded to plaintiff's objections on January 18, 2022.  (Dkt. No. 23.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND[2]

Plaintiff filed for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) in May 2013, claiming that his disability began on December 15, 2011. (Tr. 580.) The Administrative Law Judge (ALJ) held a telephone hearing on May 21, 2020. (Tr. 515.) On June 3, 2020, the ALJ issued a partially favorable decision denying plaintiff's claim for benefits prior to May 21, 2020, but finding that plaintiff became disabled on May 21, 2020, and continued to be disabled through the date of the ALJ's decision.[3] (Tr. 536.)

The ALJ found that plaintiff suffered from the severe impairments of degenerative disc disease with a history of compression fracture, hypertension, obesity, benign sebaceous cyst, depression, and a panic disorder. (Tr. 518.) The ALJ concluded that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. (Tr. 519.) Regarding his mental impairments, the ALJ found that plaintiff had mild limitations understanding, remembering, or applying information and adapting or managing oneself, and moderate limitations concentrating, persisting, or maintaining pace, and interacting with others. (Tr. 519–522.)

---

[2] The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–4.)

[3] Plaintiff previously received an unfavorable ruling on May 2, 2017. This court reversed the Commissioner's decision and remanded plaintiff's case on August 9, 2019. *See Bryan T. v. Comm'r.*, Case No. 7:18-cv-282 (W.D. Va.).

Prior to the established onset date of disability, plaintiff retained the residual functional capacity (RFC) to perform a limited range of sedentary work. (Tr. 18.) Specifically, the ALJ found:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can have no exposure to hazards or unprotected heights. The claimant can never use foot controls. He can never kneel or crawl. The claimant can occasionally overhead reach, push and pull. He can occasionally climb ramps or stairs, balance, stoop, and crouch. The claimant can have occasional exposure to temperature extremes, vibrations and pulmonary irritants. He is able to perform instructions and tasks limited to those that can be learned in thirty days or less. The claimant can have no more than occasional changes in the work setting. He can have occasional interaction with the public, coworkers and supervisors.

(Tr. 522.) Since September 10, 2009, plaintiff was unable to perform his past relevant work, but prior to the established onset date, plaintiff could perform jobs that exist in significant numbers in the national economy, such as ampoule sealer, clearance cutter, and surveillance system monitor. (Tr. 533–535.) Beginning on May 21, 2020, plaintiff's age category changed, and the ALJ found that he was disabled by direct application of Medical-Vocational Rule 201.14. (Tr. 535.)

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988);

3

rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial

resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

**B. Objections to the R&R**

In his summary judgment brief, plaintiff argued that the ALJ's RFC finding and determination that plaintiff's disability did not commence until May 21, 2020, is not supported by substantial evidence, and that the ALJ's assessment of plaintiff's physical RFC, mental impairments, and subjective allegations are not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 18.) In many if not most respects, plaintiff's objections to the R&R are a restatement of his summary judgment arguments. It is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge. The court will, however, address the following objections.

Plaintiff argues that the R&R and the ALJ erred by discounting plaintiff's mental health impairments because they stem from his physical impairments. While the R&R and ALJ both noted that plaintiff's mental health impairments are connected to the physical pain plaintiff experiences, neither discounted his mental health impairments as a result. Rather, the ALJ noted that, at the time of the decision, plaintiff "had no current mental health treatment or medication," and plaintiff testified "his mental health was mostly under control." (Tr. 523, 531.) "The

[plaintiff] did not usually have a prescription for psychiatric medication, attend counseling sessions, or have a psychiatric admission." (Tr. 531.) Further, the ALJ relied on mental status examinations, which were "generally normal except for a depressed or anxious mood and affect or pain related behaviors." The R&R and ALJ did not discount plaintiff's mental health impairments based on their cause—the ALJ looked to plaintiff's testimony, treatment protocol, and mental status examinations. The R&R correctly held the ALJ's finding as to plaintiff's mental health impairments was supported by substantial evidence.

Plaintiff argues that the R&R erred when it asserted that the ALJ found the psychologists' opinions "persuasive." Plaintiff asserts that the R&R analyzed the ALJ's treatment of the opinions in a manner inconsistent with 20 C.F.R. § 416.927(c)(2). The ALJ did comply with the regulation. The ALJ assigned weight to the opinions and explained why he attributed the amount of weight given to the opinions. The ALJ gave "some weight" to three mental consultative examination opinions because they "were generally consistent with the medical evidence of record." (Tr. 528–530.) The ALJ did not err in evaluating the opinion evidence, and his findings as to plaintiff's mental health impairments are supported by substantial evidence.

Plaintiff argues the R&R and ALJ erred in their interpretation of plaintiff's physical consultative examination with Dr. Humphries. (Tr. 496–507.) The ALJ and R&R interpreted Dr. Humphries notations to mean that plaintiff could stand *or* walk for up to two hours in an eight-hour workday and plaintiff could stand *or* walk for up to thirty minutes at a time. Plaintiff interprets Dr. Humphries notations to mean that plaintiff must walk during the workday, which the vocational expert testified would "abolish the occupational base." This court agrees that Dr. Humphries' opinion was plausibly interpreted by the ALJ, and, further, the ALJ only gave Dr.

6

Humphries' opinion "some weight" even assuming plaintiff's interpretation. The ALJ's finding that plaintiff was limited to a range of sedentary work is supported by substantial evidence.

Finally, plaintiff argues that the R&R and ALJ erred in finding that plaintiff's allegations are not fully supported. Plaintiff takes issue with the ALJ's consideration of the frequency of his visits with his pain management doctor. Plaintiff insists that his visits with his pain management doctor were limited to one every six months because of his workers' compensation case. Substantial evidence exists to support the ALJ's findings even if plaintiff's contention is true. "[I]t is appropriate for the ALJ to consider the conservative nature of a plaintiff's treatment—among other factors—in judging the credibility of the plaintiff." *Dunn v. Colvin*, 607 F. App'x 264, 273 (4th Cir. 2015); *see also, Tina W.*, 2020 WL 6268533, at *8 ("Pain medications and steroid injections alone can constitute 'conservative treatment' for physical impairments."). The ALJ considered that, despite allegations of disabling pain, the plaintiff did not even seek certain conservative treatments. The plaintiff regularly refused physical therapy and spinal injections. Even without considering the frequency of his pain management visits, there was substantial evidence to support the ALJ's findings regarding plaintiff's subjective allegations.

### III. CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 21) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 22) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 19) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 17) is DENIED; and

5.  The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 14, 2022.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge